UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY LONGS,                                       )
                                                    )
          Plaintiff                                 )
                                                    )
     vs.                                            )       CAUSE NO. 3:07-CV-83 RM
                                                    )
STATE OF INDIANA, INDIANA STATE     )
POLICE DEPARTMENT, RYAN LEBO,       )
TODD BAILEY, and TOM FERGUSON,      )
                                                    )
          Defendants                                )

OPINION AND ORDER

Corey Longs alleges in his complaint, brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, that the defendants acted separately and in concert to deprive him of his rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Mr. Longs' complaint arises from a February 2005 traffic stop that resulted in his arrest on drug charges. Mr. Longs claims that the defendants have harassed him over the last four years based on the unwritten policy of the State of Indiana and the Indiana State Police Department that reflects a deliberate indifference to the rights and freedom of persons interacting with police officers and allows police officers to conduct illegal searches and seizures, harass, and entrap individuals, including Mr. Longs, without legal justification. Mr. Longs seeks compensatory and punitive damages, prejudgment interest, and costs. The cause is now before the court on the motion of the State of Indiana and the Indiana State Police Department to dismiss Mr.

Longs' claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Mr. Longs has filed his objection to the motion. Mr. Longs' motion for leave to amend his complaint also pends.

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and should be granted if the court lacks the statutory or constitutional power to adjudicate the case. In contrast, a motion under Rule 12(b)(6) is a challenge to the merits of the action, a determination of whether the facts alleged in the complaint state a claim upon which relief can be granted. Bell v. Hood, 327 U.S. 678, 682 (1946). If dismissal pursuant to Rule 12(b)(1) is proper, the Rule 12(b)(6) arguments need not be addressed. *See* Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998) ("It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action.").

The State and the State Police maintain Mr. Longs' claims against them must be dismissed based on their claim of sovereign immunity under the Eleventh Amendment. The Eleventh Amendment to the United States Constitution bars suits against state governments by citizens of other states[1] and has been interpreted to bar suits by citizens against their own state government. Hans v. Louisiana, 134 U.S. 1 (1890). The Eleventh Amendment's jurisdictional bar further extends to state agencies, like the Indiana State Police Department.

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

2

Endres v. Indiana State Police, 349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a 'person' as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."). A state may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so, see Meadows v. State of Indiana, 854 F.2d 1068, 1070 n.3 (7th Cir. 1988) ("Congress may statutorily abrogate the Eleventh Amendment immunity of the states. Congress, however, did not do so when it enacted Section 1983."), and Mr. Longs hasn't alleged or argued an implied waiver or any other exception would permit his suit against the state or its police department.

Mr. Longs seeks monetary compensation that, if granted, would be paid by the state and so he can't proceed in this court on his claims against the State of Indiana or the Indiana State Police Department. The motion of the State of Indiana and the Indiana State Police Department to dismiss all claims against them [docket # 6] pursuant to Rule 12(b)(1) is GRANTED.

Mr. Longs has also filed a motion to amend his complaint, but because the proposed amended complaint contains claims against the State of Indiana and the Indiana State Police Department, his amendment is futile and his motion to amend [docket # 15], therefore, is DENIED. See Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 792 (7th Cir. 2004) ("Although leave to file an . . . amended complaint should be granted liberally, a district court may deny leave for several reasons including . . . futility of amendment."); Garcia v. City of Chicago, 24 F.3d 966, 970 (7th Cir. 1994) (denying leave to amend because amended complaint

3

sought to restate previously dismissed claims). This cause remains at issue on the claims of Mr. Longs' original complaint against defendant Lebo, Bailey, and Ferguson.

    SO ORDERED.

    ENTERED:   August 29, 2007

                          /s/ Robert L. Miller, Jr.
                          Chief Judge
                          United States District Court