UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY LONGS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CAUSE NO. 3:07-CV-83 RM |
| | ) |
| RYAN LEBO, *et al.*, | ) |
| | ) |
| Defendants | ) |

## OPINION and ORDER

This cause is before the court on the motion of defendants Ryan Lebo and Thomas Ferguson for summary judgment on the claims of Corey Longs' amended complaint and on Mr. Longs' motion for entry of default and/or default judgment as to defendant Todd Bailey. Responses have been filed, and the motions are addressed separately below. For the reasons that follow, the motion for default is denied and the summary judgment motion is granted in part and denied in part.

### I. FACTS

The following facts are taken from the summary judgment record and viewed in the light most favorable to Mr. Longs, as the non-moving party. <u>Payne v. Pauley</u>, 337 F.3d 767, 770 (7th Cir. 2003). Corey Longs was driving his vehicle on U.S. 31 North in Marshall County, Indiana, on February 28, 2005 when the Indiana State Police stopped him. Mr. Longs maintains that no probable cause existed for the traffic stop: the police didn't produce a warrant or have reason to

suspect him of criminal activity. According to Mr. Longs, a K-9 unit arrived on the scene during the stop and, when the canine did not alert on his vehicle, Trooper Lebo planted drugs in his car, and when Mr. Longs complained about that action, Sgt. Ferguson head-butted him. Mr. Longs alleges that "the defendants" searched his person and his car illegally, detained and prevented him from leaving the scene for at least fifteen minutes, tried to persuade him to "go for a ride" with them, planted drugs in his car to entrap and falsely arrest him, arrested him by use of excessive and unreasonable force, and falsely imprisoned him. Mr. Longs reports that the criminal charges against him were ultimately dismissed.

The defendants have submitted a different version of the facts. According to Trooper Lebo and Sgt. Ferguson, Trooper Todd Bailey made the initial traffic stop of Mr. Longs' vehicle. Trooper Lebo and Sgt. Ferguson say they each received a dispatch about a traffic stop and arrived on the scene after Mr. Longs' vehicle was already stopped. The officers report that a K-9 unit then arrived to examine Mr. Longs' vehicle, and when the canine alerted on the vehicle, a search of the passenger compartment was undertaken and a partially smoked marijuana cigarette was found in the car's ashtray. Trooper Lebo and Sgt. Ferguson report that Trooper Bailey arrested Mr. Longs. They insist that neither of them had any physical contact with Mr. Longs and didn't arrest or transport Mr. Longs from the scene.

Mr. Longs, proceeding *pro se*, filed his original complaint in February 2007 against Todd Bailey, Ryan Lebo, and Thomas Ferguson (together with other

defendants that were dismissed in August 2007); Mr. Longs' amended complaint was filed on March 31, 2008.[1] Mr. Longs' claims are brought pursuant to 42 U.S.C. § 1983 based on "the defendants" having violated his rights under the Fifth[2], Fourth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1985 "for violations of [his] civil rights as an African American;" Indiana tort law; and Article I, Sections 1, 2, 8, 12, 13, and 24, of the Indiana Constitution. Mr. Longs seeks nominal, compensatory, and punitive damages, injunctive and declaratory relief, and attorney fees, expenses, and costs of litigation.

II. MOTION FOR DEFAULT/DEFAULT JUDGMENT

Mr. Longs seeks an entry of default and/or a default judgment as to defendant Todd Bailey. Mr. Longs says he served Mr. Bailey on April 7, 2007, and Mr. Bailey hasn't filed an answer or tried to resolve this matter since. Mr. Longs submitted copies of express mail receipts addressed to Tom Ferguson, Ryan Lebo, and Todd Bailey, c/o the Indiana State Police Post in Bremen, Indiana. Carol

---

[1] Mr. Longs indicates that his summary judgment response is based on the claims and facts of his original and amended complaints. Because Mr. Longs' amended complaint superseded his original complaint, his reliance on, and the court's consideration of, the claims and facts of the original complaint is improper. *See* Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 637 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supercedes an original complaint and renders the original complaint void.").

[2] The defendants didn't address Mr. Longs' claim of a Fifth Amendment violation, but because Mr. Longs hasn't alleged that a double jeopardy issue is involved, that he was compelled to incriminate himself, or that any of the actions complained of were taken by federal officials, he isn't entitled to relief under the Fifth Amendment. *See* Benson v. United States, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997) ("Actions of the federal government and its officials are beyond the purview of section 1983, which applies only to state actors acting under color of state law.").

Kominkiewicz signed the express mail receipt on April 7, 2007. *See* Docket Entries 20, 21, and 22. Mr. Longs filed the express mail receipts with the court on July 6, 2007.

On July 30, 2007, the Indiana State Police filed a Notice [docket # 25] advising the court and Mr. Longs that because Todd Bailey was no longer employed by the Indiana State Police, the department couldn't accept service of process on Mr. Bailey's behalf. Mr. Longs hasn't challenged the Indiana State Police's notice that the department couldn't accept service for Mr. Bailey.

Mr. Longs filed his amended complaint on March 31, 2008 and since that time hasn't set forth any evidence to establish that he secured service of the amended complaint on Mr. Bailey. Accordingly, the motion for default and/or default judgment as to defendant Todd Bailey must be denied.

### III. Summary Judgment Motion

Trooper Lebo and Sergeant Ferguson have moved for summary judgment on Mr. Longs' claims against them, arguing that (1) they are entitled to immunity from suit in their official capacities because the actions complained of were taken within the scope of their employment with the Indiana State Police, a unit of state government; (2) they can't be liable on Mr. Longs' claim that they unlawfully stopped his vehicle because neither of them was involved in or present at the time Mr. Longs' vehicle was stopped; (3) they can't be liable on Mr. Longs' claim of unlawful arrest because neither of them placed Mr. Longs under arrest and there

4

was probable cause for his arrest; (4) they didn't violate Mr. Longs' rights in the search of his vehicle because there was probable cause to search the vehicle; (5) Mr. Longs has made no factual allegations that would establish a conspiracy under 42 U.S.C. § 1985; (6) neither of them had any physical contact with Mr. Longs that would render them liable to Mr. Longs on his claim of excessive force; (7) they are entitled to qualified immunity because they didn't violate Mr. Longs' Fourth Amendment rights or, alternatively, any rights that were violated were not clearly established; (8) Mr. Longs didn't comply with the requirements of the Indiana Tort Claims Act, so his state law claims – false arrest/imprisonment, battery, and infliction of emotional distress – are barred; and, finally, (9) Mr. Longs hasn't stated a claim under the Indiana Constitution that would entitle him to relief.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

*A. Official Capacity Claims*

Trooper Lebo and Sgt. Ferguson first argue that they are immune from suit in their official capacities. Mr. Longs styles his complaint as one against Trooper Lebo and Sgt. Ferguson in their individual and official capacities. "Personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," while a claim against a state police officer in his official capacity is not a suit against the official, but rather is a suit against the government entity that employs him: here, the State of Indiana. Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). The State of Indiana is immune from suit under the Eleventh Amendment and suits against the State and its departments aren't authorized under 42 U.S.C. § 1983. *See* Kentucky v. Graham, 473 U.S. at 169 & n.17 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. . . . [Section] 1983 was not intended to abrogate a State's Eleventh Amendment immunity."); Endres v. Indiana State Police, 349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a 'person' as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."). Trooper Lebo and Sgt. Ferguson are entitled to judgment on Mr. Longs' official capacity claims against them.

*B. Claims under 42 U.S.C. § 1985*

Mr. Longs alleges that his suit is brought "pursuant to 42 U.S.C. § 1985 for violations of [his] civil rights as an African American and as defined within § 1985

of which [he] is a protected class." Amd. Compl., ¶ 3. Trooper Lebo and Sgt. Ferguson argue that because Mr. Longs has made no factual allegations to support a conspiracy claim, and because there are no facts that would establish a conspiracy, they are entitled to summary judgment on Mr. Longs' conspiracy claim.

A claim under 42 U.S.C. § 1985 requires a plaintiff to establish the following elements: (1) the existence of a conspiracy; (2) a purpose of depriving, either directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property or a deprivation of any right or privilege of a citizen of the United States." Keri v. Board of Trustees of Purdue Univ., 458 F.3d 620, 641-642 (7th Cir. 2006). Mr. Longs argues in his summary judgment response that his membership in a protected class supports his allegation that a conspiracy existed. Mr. Longs is mistaken; the fact of protected class membership is, standing alone, not enough to establish the existence a conspiracy. *See* Brokaw v. Mercer County, 235 F.3d 1000, 1024 (7th Cir. 2000) ("[T]he plaintiff must allege some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.").

Mr. Longs hasn't alleged or established that any actions of Trooper Lebo and/or Sgt. Ferguson were taken because of Mr. Longs' membership in a protected class, nor has Mr. Longs alleged or established that Trooper Lebo and Sgt. Ferguson entered into an agreement to inflict injury or harm upon him. Mr.

Longs hasn't presented a sufficient factual basis to permit a trier of fact to conclude that an express or implied agreement existed among the defendants to deprive him of equal protection of the laws, and Trooper Lebo and Sgt. Ferguson are entitled to summary judgment on Mr. Longs' § 1985 claims.

## C. Qualified Immunity

Mr. Longs alleges that his February 2005 traffic stop was conducted without legal or probable cause and that the officers on the scene planted drugs in his car, falsely arrested him for possession of those drugs, and used excessive force while securing his arrest. Trooper Lebo and Sgt. Ferguson say they are entitled to qualified immunity on Mr. Longs' Fourth Amendment claims because they weren't involved in the actions complained of or, in the alternative, Mr. Longs' rights weren't clearly established at the time of his arrest. Trooper Lebo and Sgt. Ferguson each say in their affidavits that they didn't make the initial stop of Mr. Longs' vehicle, Lebo Aff., ¶ 3, Ferguson Aff., ¶ 4; didn't place Mr. Longs under arrest, Lebo Aff., ¶ 12, Ferguson Aff., ¶ 12; and didn't transport Mr. Longs from the scene of the traffic stop. Lebo Aff., ¶ 12, Ferguson Aff., ¶ 12. The officers maintain that based on the odor and presence of drugs in Mr. Longs' vehicle, a reasonable officer would have believed that the arrest was proper.

"Government officials performing discretionary functions enjoy qualified immunity from suit to the extent their conduct 'could reasonably have been thought consistent with the rights they are alleged to have violated.'" Sornberger

8

v. City of Knoxville, IL, 434 F.3d 1006, 1013 (7th Cir. 2006) (*quoting* Anderson v. Creighton, 483 U.S. 635, 638 (1987)). Deciding whether Trooper Lebo or Sgt. Ferguson is entitled to qualified immunity requires the court to ask, first, whether Mr. Longs has asserted a violation of a federal constitutional right, and, second, if so, whether the constitutional right was so clearly established at the time of the violation that a reasonable officer would have known that his actions violated the constitution. Villo v. Eyre, No. 08-1627, 2008 WL 4694917, at *2 (7th Cir. Oct. 27, 2008); *see also* Sivard v. Pulaski County, 17 F.3d 185, 189 (7th Cir. 1994) ("The contours of a clearly established right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

*1. Traffic Stop*

Mr. Longs first claims his Fourth Amendment rights were violated when his vehicle was stopped without probable cause. Trooper Lebo and Sgt. Ferguson each state in their affidavits that they didn't stop Mr. Longs' vehicle, but, instead, were called to the scene after the stop had been made. Lebo Aff., ¶¶ 3, 5, 6; Ferguson Aff., ¶¶ 4, 5. Mr. Longs hasn't challenged either officer's statement or provided any evidence to support a contrary finding. Trooper Lebo and Sgt. Ferguson are entitled to qualified immunity relating to Mr. Longs' claim that they violated his rights by initiating an illegal traffic stop.

*2. Search and Seizure*

9

Mr. Longs next claims his Fourth Amendment rights were violated when officers conducted an illegal search of his vehicle, planted marijuana in his car during that search, and arrested him for possession of drugs. Sgt. Ferguson says in his affidavit that he wasn't present during the K-9 unit's examination of Mr. Longs' car or when Mr. Longs' vehicle was searched. Ferguson Aff., ¶¶ 6-7. Sgt. Ferguson also says he didn't arrest Mr. Longs or transport him from the scene. Ferguson, Aff., ¶¶ 9, 12. Mr. Longs hasn't alleged or provided any evidence to support a finding that Sgt. Ferguson had any involvement in the search of the vehicle, the discovery of drugs, or the arrest of Mr. Longs. Sgt. Ferguson is entitled to qualified immunity on Mr. Longs' illegal search and seizure claims against him.

Trooper Lebo maintains he searched Mr. Longs' vehicle only after the K-9 unit alerted on the vehicle, which, to Trooper Lebo, indicated the presence of drugs. Lebo Aff., ¶¶ 7-8. Trooper Lebo says that "based upon the information [he] had received and based upon [his] observation of canine alerting, [he] conducted a search of the passenger compartment of the vehicle [and] observed a partially smoked cigarette in an ashtray that [he] determined, based upon [his] training and experience, to have the odor of marijuana." Lebo Aff., ¶ 8.

In response, Mr. Longs says in his affidavit that he didn't have any drugs in his car before the police stopped him. Longs Aff., ¶ 5. Mr. Longs contends the K-9 dogs didn't alert on his vehicle, and he then saw Trooper Lebo "place marijuana in his vehicle after plaintiff continuously refused to leave his vehicle on the highway and . . . go for a ride" with the officers. Longs Aff., ¶¶ 13, 14. Mr.

Longs says he was handcuffed by Trooper Lebo, arrested, and transported to the jail "in a manner consistent with complete disregard for [his] civil rights." Resp., at 8.

The affidavit statements of Mr. Longs and Trooper Lebo, which contain two differing versions of the search of Mr. Longs' vehicle and his resulting arrest, create a genuine issue of material fact precluding qualified immunity to Trooper Lebo on Mr. Longs' claim of illegal search and seizure.

### 3. Excessive Force

Mr. Longs lastly claims his Fourth Amendment rights were violated when Sgt. Ferguson used excessive force against him during the February 2005 traffic stop.[3] Mr. Longs says Sgt. Ferguson head-butted him when he tried to explain to Sgt. Ferguson that Ryan Lebo and Todd Bailey had set him (Mr. Longs) up. Longs Aff., ¶ 4, 22, 23. Sgt. Ferguson insists he didn't head-butt Mr. Longs or have any physical contact with Mr. Longs at the time of the traffic stop. Ferguson Aff., ¶ 11. Those contradictory affidavit accounts of the incident at issue create a genuine issue of material fact precluding qualified immunity to Sgt. Ferguson on Mr. Longs' claim that Sgt. Ferguson's use of excessive force amounted to a Fourth Amendment violation.

---

[3] Mr. Longs has made no allegation of the use of excessive force by Trooper Lebo, so Trooper Lebo is entitled to qualified immunity as to any such claim for relief Mr. Longs might be seeking.

*D. State Law Claims*

Mr. Longs asserts that Trooper Lebo and Sgt. Ferguson violated his rights under the Indiana Constitution and that their actions amounted to torts under Indiana law. Trooper Lebo and Sgt. Ferguson maintain Mr. Longs can't succeed on any of his state claims because there is no private right of action under the Indiana Constitution and he didn't comply with the Indiana Tort Claims Act.

*1. Constitutional Claims*

No Indiana court has recognized a private right of action for damages under the Indiana Constitution. *See* Blanck v. Indiana Dep't of Correction, 829 N.E.2d 505, 511 (Ind. 2005) ("The Open Courts Clause [of the Indiana Constitution, Article I, Section 12,] requires that where a cause of action has been created . . ., courts must be open to provide remedy by due course of law. The Open Courts Clause itself, however, does not confer subject matter jurisdiction."); Smith v. Indiana Dep't of Correction, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007) ("Since there is no express or implied right of action for monetary damages under the Indiana Constitution, Smith cannot succeed on such a claim."). Thus, Mr. Longs isn't entitled to the relief he seeks based on a violation of the Indiana Constitution.

*2. Tort Claims*

Mr. Longs has alleged claims for false arrest/imprisonment, battery, and infliction of emotional distress. The defendants say Mr. Longs isn't entitled to any

recovery on his state law tort claims because he didn't comply with notice requirements of the Indiana Tort Claims Act. With certain exceptions, as discussed below, Indiana's Tort Claims Act bars an action against the state and a state employee unless notice of the claim is provided to the attorney general or the agency involved within 270 days of the loss. IND. CODE § 34-13-3-6. "Compliance with the notice provisions of the ITCA is a procedural precedent [that] the plaintiff must prove." Brown v. Alexander, 876 N.E.2d 376, 383 (Ind. Ct. App. 2007).

The defendants present the affidavit of Michael Ward, Section Chief for the Investigations Section of the Indiana Attorney General's Office, who states that as keeper of the records for the section of the office that receives, investigates, and responds to tort claim notices, his review of those records "revealed an absence of any such notice" from Mr. Longs. Ward Aff., ¶¶ 4-6. "Once the defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove compliance." Brown v. Alexander, 876 N.E.2d 376, 384 (Ind. Ct. App. 2007). Mr. Longs hasn't done so. Mr. Longs says he mailed a notice of tort claim on May 18, 2005, Longs Aff., ¶ 3, but doesn't indicate where he mailed the notice or what address he used. Mr. Longs submits a copy of a document, entitled, "Tort claim notice of non-limited civil claim," with the salutation, "To whom it may concern," as evidence of his compliance with the Act. Resp., Exh. 2. Mr. Longs discusses what constitutes evidence of compliance – an envelope with a legible postmark or a certified or registered mail receipt – but has submitted no such

13

evidence. He hasn't alleged that he mailed or submitted a notice of tort claim to the Indiana State Police, nor has he submitted evidence sufficient to establish that he submitted a proper notice of tort claim to the Office of the Attorney General of Indiana. Therefore, his claim against Trooper Lebo and Sgt. Ferguson of infliction of emotional distress is barred.

The Indiana Tort Claims Act was enacted to help "ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment." Celebration Fireworks, Inc. v. Smith, 727 N.E.2d 450, 452 (Ind. 2000). "When an employee's conduct is 'of the same general nature as that authorized, or incidental to the conduct authorized,' it is 'within the scope of employment.'" Smith v. Indiana Dep't of Correction, 871 N.E.2d 975, 986 (Ind. Ct. App. 2007) (*quoting* Celebration Fireworks v. Smith, 727 N.E.2d at 452)). Under the Act, a government employee, acting within the scope of his or her employment, is shielded from liability if the loss complained of results from "enforcement of or failure to . . . enforce a law . . . unless the act of enforcement constitutes false arrest or false imprisonment," IND. CODE § 34-13-3-3(8), or unless the complaint alleges that the employee's act or omission is "(1) criminal; (2) clearly outside the scope of the employee's employment; (3) malicious; (4) willful and wanton; (5) or calculated to benefit the employee personally," and the complaint contains "a reasonable factual basis supporting the allegations." IND. CODE § 34-13-3-5. "Even criminal acts may be considered as being within the

scope of employment if the criminal acts originated in activities so closely associated with the employment relations as to fall within its scope." Bushong v. Williamson, 790 N.E.2d 467, 473 (Ind. 2003); *see also* Jordan v. City of Indianapolis, No. IP 01-1391-C, 2002 WL 32067277, at *11 (S.D. Ind. Dec. 19, 2002) ("Indiana courts have recognized that the ITCA grants immunity to police officers for negligent and intentional torts committed while effecting an arrest.").

Accepting as true Mr. Longs' version of the facts, the court can't say Trooper Lebo's conduct – which, according to Mr. Longs, included planting a marijuana cigarette in Mr. Longs' vehicle and allowing Mr. Longs to be arrested for drug possession – or Sgt. Ferguson's conduct taken while he was not effecting an arrest – conduct Mr. Longs has alleged amounts to battery under Indiana Code § 35-42-2-1 – is conduct closely associated with, authorized by, or incidental to conduct authorized by the Indiana State Police. The facts set forth by Mr. Longs meet his statutory burden of alleging conduct that falls within the exception to Indiana Code § 34-13-3-3(8) and conduct that is criminal under Indiana law. The motion of Trooper Lebo and Sgt. Ferguson for summary judgment on Mr. Longs' claims for false arrest/imprisonment and battery is denied.

### IV. Conclusion

Based on the foregoing, the court

    (1) DENIES Mr. Longs' motion for default/default judgment as to defendant Todd Bailey [docket # 68]; and

15

(2) GRANTS IN PART and DENIES IN PART the summary judgment motion of defendant Ryan Lebo and Thomas Ferguson in the following particulars:

(a) the motion is GRANTED as to Mr. Longs' official capacity claims;

(b) the motion is GRANTED as to Mr. Longs' conspiracy claims under 42 U.S.C. § 1985;

(c) defendant Lebo's request for qualified immunity on Mr. Longs' claims that he conducted an illegal traffic stop and used excessive force is GRANTED;

(d) defendant Lebo's request for qualified immunity relating to Mr. Longs' claim of illegal search and seizure is DENIED;

(e) defendant Ferguson's request for qualified immunity on Mr. Longs' claims that he conducted an illegal traffic stop and an illegal search and seizure is GRANTED;

(f) defendant Ferguson's request for qualified immunity relating to Mr. Longs' claim of the use of excessive force is DENIED;

(g) the motion is GRANTED as to Mr. Longs' claims under the Indiana Constitution;

(h) the motion is GRANTED as to Mr. Longs' claim of infliction of emotional distress;

(i) the motion is GRANTED as to Mr. Longs' claim of battery against defendant Lebo;

(j) the motion is DENIED as to Mr. Longs' state law claim of false arrest/imprisonment against defendant Lebo;

(k) the motion is GRANTED as to Mr. Longs' claim of false arrest/imprisonment against defendant Ferguson; and

(l) the motion is DENIED as to Mr. Longs' state law claim of battery against defendant Ferguson.

The defendants' motion for continuance of trial [docket # 75] is DENIED, and the trial of this cause remains scheduled to commence at 9:30 a.m. on December 8, 2008, with the final pretrial conference to be conducted at 1:00 p.m. on November 18, 2008.

SO ORDERED.

ENTERED: <u>  November 4, 2008  </u>

<u>   /s/ Robert L. Miller, Jr.           </u>
Chief Judge
United States District Court