UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| COREY LONGS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-83 RM |
| | ) | |
| RYAN LEBO, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

Numerous motions pend in this case, including Corey Longs's motions to compel and in limine; the defendants' motions to exclude plaintiff's expert witness, to exclude witnesses and exhibits listed in plaintiff's witness and exhibit lists, and in limine; and a motion to quash trial subpoena filed by non-party Nancy Sulok and the South Bend Tribune, Ms. Sulok's employer at all times relevant to this litigation. Some responses and replies have been filed and the time for further filings has passed. The motions are addressed separately below.

I. PLAINTIFF'S MOTION TO COMPEL

Mr. Longs asks the court to compel the defendants to produce the following documents sought in his March 6, 2008 Request for Production of Documents [docket # 47]:

> **REQUEST NO. 2:** Any and all documents pertaining to any formal complaints made to the Indiana State Police Department against the defendants by any other person including documents pertaining to

any actions taken and/or findings and determinations made and further communication and documents as identified within the instructions and definitions herein.

The defendants' response to Request No. 2, filed April 25, 2008 [docket # 58], reads as follows:

**RESPONSE:** Objection. This request is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

The defendants ask the court to deny Mr. Longs' motion for a number of reasons. First, the defendants argue that the motion is untimely. Discovery in this action closed April 2, 2008; Mr. Longs filed his motion ten months later, on February 6, 2009. The defendants say Mr. Longs' motion should be denied, too, because he didn't file the certificate required by the federal rules and the local rules of this court evidencing his attempt to confer with opposing counsel prior to filing the motion to compel.

The Federal Rules of Civil Procedure don't contain a time limit on the outside date for the filing of a motion to compel discovery, and although motions to compel filed after the close of discovery generally are deemed untimely, "[w]here the motion is accompanied by a reasonable and persuasive justification for its untimeliness, an extended delay may be excused." Fast Food Gourmet, Inc. v. Little Lady Foods, Inc., No. 05-C-6022, 2007 WL 1673563, at *3 (N.D. Ill. June 8, 2007); *see also* Rossetto v. Pabst Brewing Co., 217 F.3d 539, 542 (7th Cir. 2000) (motion to compel filed two months after close of discovery, with no excuse for its tardiness, denied as untimely); Barbour v. Memory Gardens Mgmt. Corp., No.

3:06-CV-520, 2008 WL 1882847, at *2 (N.D. Ind. Apr. 23, 2008) ("plaintiffs need an excuse for their tardiness"). A motion to compel, whenever filed, "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." FED. R. CIV. P. 37(a)(2)(A). The certificate of compliance also must recite "the date, time, and place of the conference or attempted conference and the names of all persons participating therein." L.R. 37.1(a).

Mr. Longs explains that he's been representing himself and wasn't aware he could have filed his motion to compel sooner; he hasn't set forth a reason for not including a certificate of compliance under Rule 37(a) and L.R. 37.1(a). A review of the proceedings in this action shows that Mr. Longs' *pro se* status hasn't hampered his ability to manage his litigation, so his claim that he's unfamiliar with the applicable rules doesn't amount to a "persuasive justification" for the untimeliness of his motion or for not including a certificate of compliance. But even had Mr. Longs timely filed his motion with a certificate of compliance attached, he wouldn't be entitled to the relief he seeks.

In response to Mr. Longs' request for production of documents, the defendants objected to Request No. 2 and so have a burden to show "with specificity" why the particular discovery request was improper. Loubser v. Pala, No. 4:04-CV-75, 2007 WL 3232136, at *3 (N.D. Ind. Oct. 29, 2007). The defendants maintain their objection to Request No. 2 was justified because the request is (a) overly broad: the term "complaint" isn't defined and no time frame

3

is specified; (b) unduly burdensome: Thomas Ferguson has been a state police officer for twenty-five years and Ryan Lebo for ten years, so the search for documents would require state employees to scour documents stored in databases and on microfilm not kept at one central location; and (c) irrelevant to Mr. Longs' claims of false arrest and imprisonment: even assuming that complaints may exist as to these two officers, complaints from more than five years ago are unlikely to lead to the discovery of admissible evidence relating to this incident.

The defendants say, too, that relevant documents have been provided to Mr. Longs pursuant to his Freedom of Information Act request. The defendants note that while personnel files of public employees are exempt from disclosure under IND. CODE § 5-14-3-4(b)(8), documents not exempted by the statute were sent to Mr. Longs, as evidenced by Exhibit A attached to his motion. The defendants conclude that because Mr. Longs has received the documents to which he is entitled and their objection to Request No. 2 was proper, his request for further documents should be denied.

Mr. Longs hasn't challenged the defendants' claim that he has received the documents to which he is entitled; he hasn't challenged the defendants' objections to Request No. 2; and he hasn't established any prejudice in this instance. *See* GSI Group, Inc. v. Sukup Mfg. Co., No. 05-3011, 2007 WL 1390611, at *2 (C.D. Ill. May 9, 2007) ("even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial

4

of discovery"). The court denies Mr. Longs's motion to compel a further response to Request No. 2.

II. THIRD-PARTY MOTION TO QUASH

Non-parties Nancy Sulok and the South Bend Tribune have moved to quash the trial subpoena Mr. Longs issued to Ms. Sulok. Ms. Sulok explains that she was employed as a news reporter at The Tribune during the time period relevant to Mr. Longs' case and so is entitled to a "qualified privilege under the First Amendment to the United States Constitution to protect her from compelled disclosure of information gathered in the course of her duties as a journalist." Mot., ¶ 4. Ms. Sulok also says that Indiana's reporter's shield law requires Mr. Longs to establish that the information he seeks is highly relevant, there is a compelling need for the information sufficient to override her First Amendment privilege, and the information couldn't be secured from any other source. Ms. Sulok maintains Mr. Longs hasn't met his burden.

Mr. Longs responds that he's not seeking information or testimony from Ms. Sulok about articles she's published in The Tribune; instead, he will be asking her about a voice mail message he left for her at The Tribune on February 28, 2005 and their telephone conversation the next day. Mr. Longs says that because he and Ms. Sulok were the people involved in the conversation(s) at issue, he would be considered Ms. Sulok's source and is willing to waive his right to the qualified privilege.

5

A subpoena may be quashed if it "requires the disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii). Pursuant to Federal Rule of Evidence 501, "the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States . . . . However, in civil actions and proceedings, with respect to an element of a claim or defense as to which state law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with state law." The claims remaining in this action are ones governed by federal law, specifically 42 U.S.C. § 1983 and the Fourth Amendment (excessive force and illegal search and seizure), and Indiana law (battery and false arrest and imprisonment).

No federal common law privilege is available to Ms. Sulok because the information sought wasn't derived from a confidential source. *See* McKevitt v. Pallasch, 339 F.3d 520, 533 (7th Cir. 2003) ("When the information in the reporter's possession does not come from a confidential source, it is difficult to see what possible bearing the First Amendment could have on the question of compelled disclosure."); Hobley v. Burge, 223 F.R.D. 499, 502 (N.D. Ill. 2004) ("the Seventh Circuit [in McKevitt v. Pallasch] specifically rejected the argument that the First Amendment provides journalists special protection against subpoenas, at least with respect to information from non-confidential sources"); *see also* United States Dep't of Educ. v. National Collegiate Athletic Ass'n, 481 F.3d 936, 938 (7th Cir. 2007) ("There isn't even a reporter's privilege in federal cases."). And

6

while subpoenas may be challenged as imposing an undue burden or expense, FED. R. CIV. P. 45(c), Ms. Sulok hasn't argued that the subpoena is oppressive or overly burdensome. Instead, she says her privilege arises under Indiana's reporter's shield law.

In Indiana, a journalist — one employed by a newspaper as a "editorial or reportorial employee," IND. CODE § 34-46-4-1(a)(A) — "shall not be compelled to disclose in any legal proceedings . . . the source of any information procured or obtained in the course of the person's employment . . . whether published or not published." IND. CODE § 34-46-4-2(1). Ms. Sulok qualifies as a journalist — she was employed as a reporter by The Tribune in February and March 2005 — but the testimony sought from her in this proceeding doesn't require her to disclose the "source" of the information she received. Ms. Sulok maintains, however, that the privilege exists because the information being sought was information she received in the course of her newsgathering duties. According to Ms. Sulok, before she can be compelled to testify, Mr. Longs must establish, pursuant to May v. Collins, 122 F.R.D. 535, 540 (S.D. Ind. 1988) (*citing* Subpoena Duces Tecum to Stearns v. Zulka, 489 N.E.2d 146 (Ind. Ct. App. 1986)), that the information he seeks is highly relevant, there is a compelling need for the information sufficient to override the First Amendment privilege, and he has been unsuccessful in securing the information from another source.

Public policy in Indiana supports recognition of a journalist's immunity, as evidenced by the state legislature's enactment of Indiana Code § 34-46-4-1 *et seq.*

7

The court agrees with the May court's conclusion that "journalists possess a qualified privilege not to divulge confidential sources and not to disclose unpublished information which was in their possession gathered as a result of the newsgathering process." 122 F.R.D. at 540. This action doesn't involve disclosure of a confidential source, but it does involve the potential disclosure of unpublished information Ms. Sulok collected in her newsgathering capacity. Thus, Mr. Longs has the burden to demonstrate that the information sought by him is highly relevant and can't be secured from any other source and that there is a compelling need for the information sufficient to override the First Amendment privilege. He hasn't done so.

Mr. Longs explains that he left a voice mail message at The Tribune for Ms. Sulok and had a conversation with her about that message and the events at issue in this litigation, but he hasn't addressed or established how Ms. Sulok's testimony would be highly relevant to his claims about an event Ms. Sulok didn't see or that there is a compelling need for her testimony about the telephone conversation. Mr. Longs says he is willing to waive "his right to qualified privilege as one of [Ms.] Sulok's sources," Resp., ¶ 6, but the privilege against testifying "is a right personal to the reporter only, it cannot be invoked by the person who communicated with the reporter." Lipps v. State, 258 N.E.2d 622, 626 (Ind. 1970). Mr. Longs hasn't met his burden of demonstrating the relevance of, or a compelling need for, Ms. Sulok's testimony about his claims against Officers Ferguson and Lebo. *See* Bond v. Utreras, No. 04-C-2617, 2006 WL 1806387, at

8

*6 (N.D. Ill. June 27, 2006) ("[C]oncerns about the burden imposed [by the subpoena] might be counterbalanced if the defendants could establish that the evidence they seek is highly probative of issues relevant to the case. But they have not."] The court grants Ms. Sulok's motion to quash.

### III. DEFENDANTS' MOTION IN LIMINE

The defendants ask the court to prohibit discussion of the following topics by any trial participant without first obtaining permission from the court to do so:

1. <u>The filing and subsequent dismissal of charges against Mr. Longs in Marshall County under Cause No. 50D02-0503-CM-296.</u> The defendants argue that the dismissal is itself irrelevant to any issue before the jury, and that a jury informed of the dismissal necessarily will speculate about why the charges were dismissed. In response, Mr. Longs notes the risk that a jury not informed of the dismissal will assume Mr. Longs was guilty of the charges. The court believes that the dismissal has probative value within the meaning of Federal Rule of Evidence 401 because its omission from the case would leave a conceptual void. Since both sides agree that the charge was dismissed, the court will inform the jury of the dismissal in the preliminary instructions, with the cautionary comment that the jury is not to speculate on why the charges were dismissed. The court will then allow no further reference to the dismissal; in particular, the court disallows the argument in Mr. Longs' response to the motion in limine that the dismissal

indicates a lack of probable cause to stop his vehicle. The court grants in part point 1 of the defendants' motion in limine.

2. <u>Any unrelated wrongdoing or alleged wrongdoing by the defendants, except as those actions relate directly to the acts here at issue.</u> This is a challenging issue to address. Both sides couch their arguments in terms of Federal Rule of Evidence 404(b), but it isn't entirely clear to the court that Mr. Longs intends to go into other wrongdoing by these police officers as opposed to other officers' conduct pursuant to what Mr. Longs sees as a conspiracy. In any event, the issue for this trial will be what happened on February 28, 2005. The record before the court doesn't indicate any prior conduct by these officers similar enough to be probative of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident (the purposes for which Mr. Longs says he wants to use the evidence), so the four-part test for admissibility can't be satisfied. *See* <u>United States v. Millbrook</u>, 553 F.3d 1057, 1062 (7th Cir. 2009). If the evidence relates to prior acts of third persons, it will lead the jury down side streets that cannot illuminate and will confuse the jury by extending the trial, which is poor exercise of trial court discretion. *See generally* <u>S.E.C. v. Koenig</u>, No. 08-1373, 2009 WL 465594, at *4 (7th Cir. Feb. 26, 2009). The court grants point 2 of the defendants' motion in limine.

3. <u>The type, nature, severity, and diagnosis of emotional or physical injuries Mr. Longs alleges to have suffered as a result of this incident, to the extent such injury is described by a person not qualified to testify to such matters.</u> The

defendants don't identify the evidence they intend to be excluded (partly because they say they haven't seen it yet), leaving the court unable to evaluate admissibility. Accordingly, the court denies point 3 of the defendants' motion in limine without prejudice to objection at trial on the same grounds.

    4. <u>The cause of proximate cause of the injuries referenced in ¶ 3 because any testimony about the cause of Mr. Longs' injury must be in the form of expert testimony and Mr. Longs hasn't designated an expert.</u> As with the previous point, the defendants don't identify the evidence they intend to be excluded (partly because they say they haven't seen it yet), leaving the court unable to evaluate admissibility. Accordingly, the court denies point 4 of the defendants' motion in limine without prejudice to objection at trial on the same grounds.

    5. <u>Any audio tape recording of radio communications between individuals who are not parties to this action and communications that have not been authenticated.</u> The communications reportedly occurred between a state police dispatcher and State Trooper Todd Bailey, who is not a party in this trial. Mr. Longs contends the recordings are admissible because they were made by the state police, but his claim against the state police was dismissed. Mr. Longs also argues that the recordings show the absence of probable cause to stop his vehicle, but the validity of the stop is no longer in the case, either. So the recordings are hearsay if offered to prove the truth of what was said on the tape and are irrelevant if not offered for that purpose. The court sustains point 5 of the defendants' motion in limine.

6. <u>Policies and procedures of the Indiana State Police or any other police agency.</u> Mr. Longs intends to present expert testimony concerning state police policies and procedures through a witness who himself was a state trooper. Mr. Longs offers no reason why it would be helpful for the jury to hear opinion testimony about police procedures and whether the officers' conduct on February 28, 2005 comported with those procedures. The issue before the jury will be whether the officers violated Mr. Longs' rights under the United States Constitution, not whether they violated state police policies or procedures. *See* <u>Thompson v. City of Chicago</u>, 472 F.3d 444, 453-454 (7th Cir. 2006); <u>Shango v. Jurich</u>, 681 F.2d 1091, 1101 (7th Cir. 1982). To the extent the expert witness might testify as to what the Constitution requires, he would be invading the province of the court to instruct the jury on the law. <u>RLJCS Enterprises, Inc. v. Professional Benefit Trust Multiple Employee Welfare Benefit Plan and Trust</u>, 487 F.3d 494, 498 (7th Cir. 2007). The court grants point 6 of the defendants' motion in limine.

7. <u>Any settlement negotiations or settlement offers, whether of this case or any other case.</u> Federal Rule of Evidence 408 generally excludes evidence of settlement offers and statements made during settlement negotiations. There are exceptions to that rule, but Mr. Longs hasn't identified any that would apply. If he wishes to introduce such evidence at trial, he may raise the issue outside the jury's hearing. The court grants point 7 of the defendants' motion in limine.

8. <u>The source of any money to pay any damages that may be awarded in this action, particularly the chance that the State of Indiana might indemnify any defendant in the event of a verdict in Mr. Longs' favor.</u> Indiana law might require that the state pay some, but not necessarily all, of any damages awarded to Mr. Long. *See* IND. CODE § 34-13-4-1. Any reference to who would pay damages, then, would be incomplete and misleading unless the court instructs the jury on this aspect of Indiana law. No other instruction will suggest that indemnification is a matter for jurors' concern because it is not. Accordingly, the court grants point 8 of the defendants' motion in limine; if either side believes that trial developments have made the issue appropriate for the jury's consideration, they may raise the issue outside of the jury's hearing.

IV. PLAINTIFF'S MOTION IN LIMINE

Mr. Longs asks the court to prohibit the defendants from mentioning (1) his criminal history and driving record; (2) his previous employers or the length of any of his previous employments; and (3) Todd Bailey's police report.

The parties haven't identified the content of Mr. Longs' criminal history. Some prior convictions are (or may be, within the court's discretion) admissible for impeachment purposes under Federal Rule of Evidence 609. Neither side has identified any prior conduct that might be offered as proof of character to show conforming conduct under Federal Rule of Evidence 404(b) or credibility under Federal Rule of Evidence 608(b). The defendants mention comments made during

13

the events of the night of February 28, 2005 that would go to the officers' state of mind, and so affect the reasonableness of their conduct under the Fourth Amendment, but the court doesn't understand that such comments would be offered to prove prior conduct or crimes, as distinct from what was known to the officers. For all of these reasons, the court has no reason to enter a pretrial order excluding evidence and so denies point 1 of Mr. Longs' motion in limine.

In contrast, the court cannot imagine any relevance to evidence of Mr. Longs' previous employers or the length of his previous employments, and the defendants give the court no reason to think such evidence would be probative. The court grants point 2 of Mr. Longs' motion in limine. If the defendants believe that Mr. Longs' employment history has become relevant, they may raise the issue at trial outside the jury's hearing.

The court declines to rule on the motion with respect to Todd Bailey's report. First, Mr. Longs says he will have no objection to the report if Officer Bailey appears as a witness at trial, so the issue might be moot. Second, the defendants raise several arguments in favor of admissibility over hearsay and unfair prejudice objections, but the court cannot assess those without seeing the report. Accordingly, if either party seeks to use the report, that party shall submit the report for the court's examination before opening statements are given.

V. Defendants' Motion to Exclude Plaintiff's Expert Witness

The defendants argue that Mr. Longs should be prohibited from calling John Hill as an expert witness because Mr. Longs didn't timely disclose Mr. Hill as an expert or provide an expert report as required by the court's October 4, 2007 scheduling order. The defendants say, too, that any testimony Mr. Hill might offer about police procedures would be irrelevant to a determination of whether Mr. Longs' constitutional rights were violated.

The court's ruling on the defendants' motion in limine — that Mr. Longs cannot present expert opinion testimony on police procedures — seems to resolve this motion. For the same reasons stated with respect to the motion in limine, the court grants the defendants' motion. For whatever it's worth, the court believes Mr. Longs is correct on the non-disclosure aspect of this motion. Because Mr. Hill is not specially retained, Mr. Longs needn't submit a report under Federal Rule of Civil Procedure 26(a)(2)(B). He was required to disclose the identify of his expert under Rule 26(a)(2)(A), and he didn't do so in a timely manner. Still, he did so more than a year ago, providing the defense with more than adequate time to move to re-open discovery for the limited purpose of learning about Mr. Hill and his opinions. The adequacy of that opportunity makes Mr. Longs' misstep harmless, so exclusion for untimely disclosure is not warranted. FED. R. CIV. P. 37(c)(1).

The court grants the defendants' motion to exclude on grounds of admissibility.

VI. Defendants' Motion to Exclude Plaintiff's Witnesses and Exhibits

The defendants have moved to exclude two witnesses[1] listed in Mr. Longs' final witness list — Lenna Longs and Tetra Winston — and four items listed in Mr. Longs' final exhibit list — medical records for treatment of emotional injuries, documents from a proceeding in Wayne County small claims court, documents from a former proceeding in this court, and a duplicate skull mask of Ryan Lebo. The defendants say Mr. Longs didn't disclose those names or identify those exhibits during discovery or in any supplement to his initial disclosures, so he should be barred from using those witnesses and exhibits at trial pursuant to Federal Rule of Civil Procedure 37(c)(1). According to the defendants, the disclosures were made long after the close of discovery, and they would be prejudiced if Mr. Longs is allowed to rely on those witnesses and exhibits at trial.

Unlike the untimely disclosure of Mr. Hill, the untimeliness of these disclosures arises from Federal Rule of Civil Procedure 26(a)(3), which requires eve-of-trial disclosures — final witness and exhibit lists, for example — to be made at least thirty days before trial. Mr. Longs offers no reason for his late disclosure of these witnesses and exhibits. A finding of harmlessness is much more difficult when a mandatory disclosure occurs less than thirty days before trial because this deadline is intended to allow orderly trial preparation, without the need to run off interviewing (or scheduling depositions of) newly-disclosed witnesses or studying

---

[1] The defendants withdrew their motion with respect to Sgt. Thomas Rubesha.

newly-disclosed exhibits. A short continuance of the trial, as occurred here, makes it slightly easier to find harmlessness in an untimely disclosure, but Mr. Longs has not made such a showing.

The court grants the defendants' motion to exclude witnesses Lenna Longs and Tetra Winston and the exhibits listed in this motion.

## VII. CONCLUSION

Based on the foregoing, the court

(a) DENIES the plaintiff's motion to compel [docket # 109];

(b) GRANTS the motion of third-party Nancy Sulock to quash trial subpoena [docket # 113];

(c) GRANTS points 1-2 and 5-8 of the defendants' motion in limine [docket # 83], while DENYING points 3-4;

(d) GRANTS point 2 of the plaintiff's motion in limine [docket # 92], while DENYING point 1 and DEFERRING ruling on point 3;

(e) GRANTS the defendants' motion to strike plaintiff's expert [docket # 80];

(f) GRANTS the defendants' objections to plaintiff's witness and exhibit lists [docket # 87]; and

(g) DENIES plaintiff's request for a pretrial conference [docket # 117] to resolve issues raised in those motions.

This cause remains scheduled for trial commencing at 9:30 a.m. on Tuesday, March 31, 2009, in the third floor courtroom.

SO ORDERED.

ENTERED:  March 24, 2009

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: C. Longs
   C. Voight/E. Beaver